IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

BRONSON HEALTH CARE GROUP, INC,

    Plaintiff,

Vs.

MICHIGAN AUTOMOBILE INSURANCE PLACEMENT FACILITY and JOHN DOE INSURANCE COMPANY,

    Defendant.

Case No: 22-cv-00833
Hon.

| | |
|---|---|
| Joseph J. Gavin (P69529)<br>MILLER JOHNSON<br>Attorneys for Plaintiff<br>45 Ottawa Avenue SW, Suite 110<br>PO Box 306<br>Grand Rapids, MI 49501-0306<br>(616) 831-1722<br>gavinj@millerjohnson.com | Lauren N. Brezenski (P75259)<br>ANSELMI MIERZEJEWSKI<br>  RUTH & SOWLE, PC<br>Attorneys for Defendant<br>1750 South Telegraph Road, Suite 306<br>Bloomfield Hills, MI 48302<br>(248) 338-2290; (248) 338-4451<br>lbrezenski@a-mlaw.com<br>jruth.sec@a-mlaw.com (Admin/Natalie) |

**EXPEDITED CONSIDERATION REQUESTED**

**DEFENDANT'S MOTION FOR LEAVE TO REMOVE CASE TO FEDERAL COURT**

    **NOW COMES** Defendant, MICHIGAN AUTOMOBILE INSURANCE PLACEMENT FACILITY, by and through its attorneys, Anselmi Mierzejewski Ruth & Sowle, P.C and for its Motion for Leave to Remove Case, states as follows:

    1.    The Plaintiff commenced an action against Defendant in the 9th Circuit Court, County of Kalamazoo, Michigan, entitled *Bronson Health Care Group, P.C v Michigan Automobile Insurance Placement Facility, et al,* Case Number 22-0308-NF, assigned to Circuit Court Judge Alexander Lipsey.

    2.    Defendant MAIPF was served on August 1, 2022.

1

3.      While Plaintiff named the MAIPF as Defendant, the claim has been assigned to Allstate Insurance Company ("Allstate), which is the proper entity name for Defendant.

4.      A copy of the Summons and Complaint was provided to Allstate upon receipt by the MAIPF.

5.      On August 30, 2022, Defendant began its attempts to Remove this matter to Federal Court.

6.      Removal is proper under 28 U.S.C. § 1441(a) because the Complaint filed by Plaintiff constitutes a civil action with a count arising under the Constitution of the United States. 28 U.S.C. §1331. Specifically, Plaintiff has asserted entitlement to damages under the Medicare Secondary Payor under 42 USC 1395y(b)(3)(A). **Exhibit A- Plaintiff's Complaint.**

7.      For the state law claims, Plaintiff alleges entitlement to payment of no-fault benefits under MCL 500.3101, et seq. Exhibit A

8.      Plaintiff also request declaratory judgment, penalty interest, and attorney fees that are premised on the law underlying both its federal and state law claims.

9.      Defendant John Doe Insurance Company is a placeholder and not a formal defendant from which the MAIPF could seek joinder.

10.      Venue is proper in this Court because Kalamazoo County, Michigan, is contained within the Western District of Michigan, Southern Division.

11.      Defendant's attempt to remove this matter was timely under 28 U.S.C. § 1446(b)(1) because it would have been filed within 30 days after receipt of the complaint by Defendant MAIPF consents to removal pursuant to 28 U.S.C. § 1446(b)(2)(C). **Exhibit B- Drafted Notice of Removal**.

12. A copy of the responsive pleadings filed in the state court are attached as **Exhibit C.**

13. Defendant's USDC Civil Cover Sheet is attached as **Exhibit D**.

14. Defendant's Corporate Disclosure Form is attached as **Exhibit E**.

15. While Exhibit B-E were completed within thirty (30) days of service of the Summons and Complaint, Defendant was unable to file the same in this Court due to technical issues.

16. Unfortunately, Defense counsel was unable to access her CM/ECF account, and was thus not able to link the account to the PACER account, which was created within the thirty (30) days after receipt of the Summons and Complaint, on August 30, 2022.

17. Attempts were made by counsel of record and her assistant to contact the help desk, on August 31, September 1, September 8, and September 9, 2022[1], for this Court to reset the CM/ECF login and password so that Defendant counsel file the Notice of Removal.

18. On September 9, 2022, counsel for Defendant was able to speak with Mary[2] from this Court and a reset of the password was completed, and counsel was provided with her login information.

19. Immediately counsel was able to login to the account, link it to the timely created PACER, and draft this instant motion.

20. There is no prejudice in allowing Defendant to remove this matter to Federal court as Plaintiff has pled a Federal Question in a state court, Plaintiff's counsel knew of the intent to remove as the same was indicated in an email sent on August 29, 2022.

---

[1] Defendant will note September 5 was a federal holiday.
[2] Defendant will note that on September 9, 2022, subsequent to the conversation with Mary, Defendant also received a phone call from Eric at the HelpDesk to assist in accessing her account.

21. Defendant asserts that good causes exists to allow leave to file a Notice of Removal due to the technical issue that could not be resolved until September 9, 2022.

22. Plaintiff also request declaratory judgment, penalty interest, and attorney fees that are premised on the law underlying both its federal and state law claims.

23. Defendant has spoken to counsel for Plaintiff and Plaintiff does not concur in the relief sought in this motion.

24. Defendant requests expedited consideration as the parties need not engage in discovery at the state court level if this Court will accept removal of this matter.

25. Defendant seeks leave from this Court to allow Defendant to file its removal, with jury demand, as the inability to gain access to the CM/ECF and link the PACER account was unable to be remedied until September 9, 2022.

WHEREFORE, Defendant Michigan Automobile Insurance Placement Facility requests this Honorable Court to grant its Motion for Leave to File Late Removal and allow Defendant to file a Notice of Removal.

Respectfully submitted,

ANSELMI MIERZEJEWSKI
RUTH & SOWLE P.C.

Date: September 9, 2022

By: */s/ Lauren N. Brezenski*
_____
Lauren N. Brezenski (P75259)
Attorney for Defendant
1750 South Telegraph Road, Suite 306
Bloomfield Hills, MI 48302
(248) 338-2290