IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

BRONSON HEALTH CARE GROUP, INC,

   Plaintiff,

Vs.

MICHIGAN AUTOMOBILE INSURANCE PLACEMENT FACILITY and JOHN DOE INSURANCE COMPANY,

   Defendant.

Case No: 22-cv-00833
Hon.

| | |
|---|---|
| Joseph J. Gavin (P69529)<br>MILLER JOHNSON<br>Attorneys for Plaintiff<br>45 Ottawa Avenue SW, Suite 110<br>PO Box 306<br>Grand Rapids, MI 49501-0306<br>(616) 831-1722<br>gavinj@millerjohnson.com | Lauren N. Brezenski (P75259)<br>ANSELMI MIERZEJEWSKI<br>  RUTH & SOWLE, PC<br>Attorneys for Defendant<br>1750 South Telegraph Road, Suite 306<br>Bloomfield Hills, MI 48302<br>(248) 338-2290; (248) 338-4451<br>lbrezenski@a-mlaw.com<br>jruth.sec@a-mlaw.com (Admin/Natalie) |

## EXHIBIT A

*MOTION FOR LEAVE TO REMOVE TO FEDERAL COURT*

        Respectfully submitted,

        ANSELMI MIERZEJEWSKI
        RUTH & SOWLE P.C.

        */s/ Lauren N. Brezenski*

Date: September 9, 2022    By:_____
        Lauren N. Brezenski (P75259)
        Attorney for Defendant
        1750 South Telegraph Road, Suite 306
        Bloomfield Hills, MI 48302
        (248) 338-2290

# EXHIBIT A



**CT Corporation**
Service of Process Notification
08/01/2022
CT Log Number 542036546

## Service of Process Transmittal Summary

| | |
|---|---|
| **TO:** | MACP Litigation MACP Litigation<br>MICHIGAN AUTOMOBILE INSURANCE PLACEMENT FACILITY (MAIPF)<br>17456 N LAUREL PARK DR # 130E<br>LIVONIA, MI 48152-3981 |
| **RE:** | **Process Served in Michigan** |
| **FOR:** | Michigan Automobile Insurance Placement Facility  (Domestic State: MI) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Bronson Health Care Group, Inc. vs. MICHIGAN AUTOMOBILE INSURANCE PLACEMENT FACILITY |
| **DOCUMENT(S) SERVED:** | Summons, Proof, Complaint |
| **COURT/AGENCY:** | 9th Circuit Court - Kalamazoo County, MI<br>Case # 220308NF |
| **NATURE OF ACTION:** | Insurance Litigation |
| **PROCESS SERVED ON:** | The Corporation Company, Plymouth, MI |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 08/01/2022 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED:** | Michigan |
| **APPEARANCE OR ANSWER DUE:** | Within 28 days (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Joseph J. Gavin<br>Miller Johnson<br>45 Ottawa Avenue, S.W., Suite 1100<br>Po Box 306<br>Grand Rapids, MI 49501<br>616-831-1700 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/02/2022, Expected Purge Date: 08/07/2022<br><br>Image SOP<br><br>Email Notification,  MACP Litigation MACP Litigation  macplit@michacp.org |
| **REGISTERED AGENT CONTACT:** | The Corporation Company<br>40600 Ann Arbor Road E<br>Suite 201<br>Plymouth, MI 48170<br>866-331-2303<br>CentralTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other



**CT Corporation**
**Service of Process Notification**
08/01/2022
CT Log Number 542036546

information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Miller Johnson
45 Ottawa Ave SW, Ste 1100
Grand Rapids, MI 49503-4009

USPS CERTIFIED MAIL



9214 8901 9109 0800 1886 04

MAIPF RESIDENT AGENT
CT CORPORATION SYSTEM
STE 201
40600 ANN ARBOR RD E
PLYMOUTH MI 48170-4675

| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|
| **STATE OF MICHIGAN**<br>JUDICIAL DISTRICT<br>9th     JUDICIAL CIRCUIT<br>COUNTY PROBATE | **SUMMONS** | **CASE NO.**<br>22- 0308 -NF |

**Court address**
150 E. Crosstown Parkway, Kalamazoo, MI 49001

**Court telephone no.**
(269) 383-8837

| Plaintiff's name(s), address(es), and telephone no(s). | v | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| Bronson Health Care Group, Inc.<br>301 John Street<br>Kalamazoo, MI 49007 | | Michigan Automobile Insurance Placement Facility<br>P.O. Box 532318<br>Livonia, MI 48153<br><br>Michigan Resident Agent:<br>CT Corporation System<br>40600 Ann Arbor Rd. E<br>Suite 201<br>Plymouth, MI 48170-4675 |
| Plaintiff's attorney, bar no., address, and telephone no.<br>Joseph J. Gavin (P69529)<br>Miller Johnson<br>45 Ottawa, S.W. – Ste. 1100<br>P.O. Box 306<br>Grand Rapids, MI 49501-0306  (616) 831-1700 | | |

**FILED**
Jun 14, 2022
9TH JUDICIAL CIRCUIT
COUNTY OF KALAMAZOO
KALAMAZOO, MICHIGAN

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where it was given case number _____ and assigned to Judge _____. The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.     **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>June 14, 2022 | Expiration date *<br>September 13, 2022 | Court clerk |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal

17355-10675 [David]

MC 01 (9/19) **SUMMONS**   MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

**PROOF OF SERVICE**   **SUMMONS** Case No. 22- -NF

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

☐ **OFFICER CERTIFICATE**   OR   ☒ **AFFIDAVIT OF PROCESS SERVER**
I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required)   Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), that: (notarization required)

☐ I served personally a copy of the summons and complaint,

☒ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,
together with _____
List all documents served with the summons and complaint

Sent via Certified Mail to Michigan Automobile Insurance Placement Facility and MI RA CT Corporation System on _____. Received by same - see below: _____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| Michigan Automobile Insurance Placement Facility | PO Box 532318<br>Livonia, MI 48153 | |
| MI RA: CT Corporation System | 40600 Ann Arbor Rd. E, Suite 201<br>Plymouth, MI 48170-4675 | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee<br>$ | Miles traveled | Fee<br>$ | | Signature<br>Jessica Parks |
|---|---|---|---|---|
| Incorrect address fee<br>$ | Miles traveled | Fee<br>$ | TOTAL FEE<br>$ | Name (type or print)<br>Legal Assistant<br>Title |

Subscribed and sworn to before me on _____, _____ County, Michigan.
               Date
My commission expires: _____ Signature: _____
          Date         Deputy court clerk/Notary public
Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
                                  Attachments
_____ on _____
               Day, date, time
_____ on behalf of _____.
Signature

17355-10675 [David]

STATE OF MICHIGAN

IN THE KALAMAZOO COUNTY CIRCUIT COURT

BRONSON HEALTH CARE GROUP, INC.,

    Plaintiff,

v.

MICHIGAN AUTOMOBILE INSURANCE PLACEMENT FACILITY and JOHN DOE INSURANCE COMPANY,

    Defendants.

Case No. 22-___0308___-NF

HON. ___ALEXANDER C LIPSEY___

Joseph J. Gavin (P69529)
MILLER JOHNSON
Attorneys for Plaintiff
45 Ottawa Avenue, S.W., Suite 1100
P.O. Box 306
Grand Rapids, MI 49501-0306
616.831.1722; 616.988.1722 (F)
gavinj@millerjohnson.com

PLAINTIFF IS NOT AWARE OF ANY OTHER PENDING OR RESOLVED CIVIL ACTION ARISING OUT OF THE SAME TRANSACTION OR OCCURRENCE AS ALLEGED IN THE COMPLAINT.

## **COMPLAINT**

Plaintiff states:

### **JURISDICTIONAL ALLEGATIONS**

1.    Plaintiff, Bronson Health Care Group, Inc. ("Bronson"), is a Michigan non-profit hospital corporation conducting business at 301 John Street, Kalamazoo, Michigan 49007. Bronson operates Bronson Methodist Hospital, Bronson Practice Management Group,

Inc., Bronson Lakeview Hospital, Bronson Healthcare Midwest, Bronson Home Health Care, Bronson Battle Creek Hospital, and Bronson South Haven Hospital.

2. Defendant Michigan Automobile Insurance Placement Facility (the "MAIPF") is a legislative entity created pursuant to MCL 500.3301, *et seq.*, and with its registered address at P.O. Box 532318, Livonia, Michigan 48153. The MAIPF's Michigan resident agent is CT Corporation System, 40600 Ann Arbor Road East, Suite 201, Plymouth, MI 48170-4675. The MAIPF is authorized to conduct business in Michigan and continuously and systematically conducts business in Kalamazoo County, Michigan.

3. Defendant John Doe Insurance Company is an automobile insurance company licensed to conduct business in Michigan, whom the MAIPF is statutorily required to identify but who is yet to be identified by the MAIPF pursuant to MCL 500.3171, *et seq.* Upon information and belief, John Doe Insurance Company is licensed to conduct business in Michigan and systematically conducts business in Kalamazoo County, Michigan.

4. This claim seeks the collection of charges for medical care and treatment provided by Bronson to Terry Burandt for injuries sustained in a motor vehicle accident.

5. The amount in controversy is greater than $25,000.

6. This claim is within the venue and jurisdiction of this Court.

### **GENERAL ALLEGATIONS**

7. On January 30, 2022, Terry Burandt sustained injuries in a motor vehicle accident.

8. From January 30, 2022, through February 14, 2022, Bronson provided medically necessary professional care and treatment to Terry Burandt for injuries he sustained in the motor vehicle accident.

9. The charges for the care and treatment provided by Bronson to Terry Burandt on these dates of service total **$243,285.20** (the "Hospital Charges").

10. The Hospital Charges are Bronson's customary charges for like products, services, and accommodations.

11. The Hospital Charges are reasonable.

12. At the time of the motor vehicle accident, Terry Burandt did not maintain no-fault insurance of his own and did not reside with an insured relative.

13. No applicable insurance has been identified or none is applicable.

### MACP

14. The Michigan Assigned Claims Plan (the "MACP") is organized under the no-fault insurance act, MCL 500.3171, *et seq.*, under authority granted to the MAIPF, and is designed to ensure that benefits are available for persons injured in automobile accidents who have no insurance coverage of their own.

15. Under MCL 500.3172, a no-fault claimant may obtain personal protection insurance benefits through the MACP if, among other things, no personal protection insurance is applicable to the injury or none can be identified.

16. Under MCL 500.3173a, upon receipt of a claim for payment of benefits through the MACP, the MAIPF "shall make an initial determination" of a claimant's eligibility for benefits under the assigned claims plan.

17. Under MCL 500.3174, the MAIPF is required to promptly assign the claim to a servicing insurer.

18. An Application for Personal Injury Protection Benefits for payment of the Hospital Charges, together with supporting documentation, was filed with the MAIPF. A copy of the Application is in the possession of the MAIPF.

19. On June 3, 2022, the MAIPF refused to assign the claim.

## COUNT 1 – DECLARATORY RELIEF FOR ASSIGNMENT OF CLAIM TO SERVICING INSURER AGAINST THE MAIPF

20. Bronson incorporates the preceding allegations by reference.

21. The MAIPF is statutorily responsible to review and assign claims to a participating insurer for payment of personal protection insurance benefits, which benefits include coverage for payment of the Hospital Charges.

22. Terry Burandt is eligible for personal protection insurance benefits for injuries sustained in the motor vehicle accident.

23. Bronson is entitled to maintain a direct cause of action under MCL 500.3112.

24. A claim was filed for the benefit of Bronson and Terry Burandt with the MAIPF, which included the Application for Personal Injury Protection benefits.

25. Bronson has a clear legal right to have the MAIPF assign the claim to a responsible no-fault carrier, under MCL 500.3174.

26. The MAIPF has a clear legal duty to assign Bronson's claim to a responsible no fault insurer, pursuant to MCL 500.3174.

27. The assignment of Bronson's claim is a ministerial act.

28. Bronson has no other means by which to have its claim assigned.

**WHEREFORE**, Bronson requests that this Court issue a judgment declaring that:

    A. The MAIPF has a legal duty to and is ordered to promptly assign the claim to a responsible no-fault insurer, in accordance with MCL 500.3171, *et seq.*;

    B. Bronson is entitled to have the claim assigned to a responsible no-fault insurer, in accordance with MCL 500.3171, *et seq.*, by the MAIPF;

    C. Bronson is entitled to recover interest from the MAIPF during the pendency of the claim under MCL 500.3142;

    D. Bronson is entitled to recover a reasonable attorney's fee in obtaining the assignment of the claim under MCL 500.3148; and

    E. Such other determinations and declarations as necessary to fully adjudicate the rights of the parties.

## COUNT 2 – NO-FAULT MEDICAL BENEFITS AGAINST MAIPF
### (DIRECT ACTION)

29. Bronson incorporates the preceding allegations by reference.

30. The MAIPF is liable for payment of personal protection insurance benefits to or for Terry Burandt, including the Hospital Charges.

31. Under MCL 500.3142, Bronson provided the MAIPF with reasonable proof of the fact and amount of loss.

32. Bronson is entitled to payment from the MAIPF.

33. Bronson's charges for the care and treatment provided to Terry Burandt total **$243,285.20**.

34. Bronson is entitled to maintain a direct cause of action under MCL 500.3112.

35. Bronson is entitled to payment of 12% no-fault penalty interest on the unpaid charges until these charges are paid in full.

36. Bronson is entitled to reasonable attorney's fees incurred in pursuing payment of this claim.

**WHEREFORE**, Bronson requests judgment in its favor and against the Michigan Automobile Insurance Placement Facility, in whatever amount in excess of **$25,000** it is found to be entitled, plus statutory interest, costs, no-fault penalty interest under MCL 500.3142, attorney's fees under MCL 500.3148, and any other appropriate relief.

### COUNT 3 – NO-FAULT MEDICAL BENEFITS CLAIM AGAINST JOHN DOE INSURANCE COMPANY
### (DIRECT ACTION)

37. Bronson incorporates the preceding allegations by reference.

38. Terry Burandt is eligible for no-fault benefits for injuries sustained in a January 30, 2022, motor vehicle accident.

39. Bronson provided medically necessary professional care and treatment to Terry Burandt for injuries sustained in the motor vehicle accident.

40. The Hospital Charges total **$243,285.20**.

41. The Hospital Charges are Bronson's customary charges for like products, services, supplies and accommodations.

42. The Hospital Charges are reasonable.

43. Bronson is entitled to maintain a direct cause of action under MCL 500.3112.

44. Upon assignment by the MAIPF in accordance with the no-fault insurance act, John Doe Insurance Company will be the responsible no-fault carrier assigned to process and pay Bronson's claim.

45. Bronson provided the MAIPF, the predecessor to John Doe Insurance Company, with reasonable proof of the fact and amount of Bronson's claim for payment of the Hospital Charges.

46. Bronson is entitled to payment of 12% no-fault penalty interest on the unpaid charges until these charges are paid in full.

47. Bronson is entitled to reasonable attorney's fees incurred in pursuing payment of this claim.

**WHEREFORE**, Bronson requests judgment in its favor and against Defendant John Doe Insurance Company in whatever amount in excess of **$25,000** it is found to be entitled, plus statutory interest, costs, no-fault penalty interest under MCL 500.3142, attorney's fees under MCL 500.3148, and any other appropriate relief.

## COUNT 4 – MEDICARE SECONDARY PAYER ACT

48. Bronson incorporates the preceding allegations by reference.

49. Terry Burandt is a beneficiary of the insurance program for individuals aged 65 or over created under Subchapter XVIII, Health Insurance for Aged and Disabled, of Chapter 7 of Title 42 of the United States Code, commonly known as Medicare.

50. When originally enacted, Medicare was the primary payer of health benefits for Medicare-eligible individuals.

51. In 1980, Congress enacted the Medicare Secondary Payer Act ("MSP"). 42 USC 1395y(b)(3)(A). That act made Medicare a "secondary payer" and designated various other entities—including group health plans, worker's compensation laws or plans, tortfeasors and no-fault insurance—as "primary payers" required to pay a Medicare-eligible individual's medical expenses before Medicare.

52. Paragraph (2) of 42 USC 1395y(b)(3)(A), entitled "Medicare Secondary Payer", instructs when Medicare may or may not pay for medical items and services. Subparagraph (2)(A) defines what constitutes a "primary plan" and prohibits Medicare from paying when a primary plan has paid or is reasonably expected to pay. Subparagraph (2)(B), in turn, permits Medicare to conditionally pay when a primary plan "has not made or cannot reasonably be expected" to make payment promptly.

53. The MAIPF has refused assignment of Bronson's claims to a servicing insurer and has not issued payment.

54. Bronson has submitted claims for the Hospital Charges to Medicare, for a conditional payment under the MSP.

55. Medicare has made or is expected to make conditional payments on behalf of its Medicare beneficiary Terry Burandt for professional medical services rendered to Terry Burandt by Bronson for injuries related to the motor vehicle accident.

56. The MSP provides, "There is established a private cause of action for damages (which shall be in an amount double the amount otherwise provided) in the case of a primary plan which fails to provide for primary payment (or appropriate reimbursement) in accordance with paragraphs (1) and (2)(A). 42 USC§1395y(b)(3)(A).

57. MAIPF is a primary plan under the MSP and is the responsible party for making payments for professional services provided to Terry Burandt.

58. MAIPF has failed to provide for primary payment on the Hospital Charges.

**WHEREFORE**, Bronson requests judgment in its favor and against MAIPF representing double damages in whatever amount in excess of **$25,000** it is found to be entitled, together with any other relief which this Court finds to be appropriate.

Dated: June 14, 2022

MILLER JOHNSON
Attorneys for Plaintiff

By _____
Joseph J. Gavin (P69529)
45 Ottawa S.W., Suite 1100
P.O. Box 306
Grand Rapids, MI 49501-0306
616.831.1760

9